# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 22, 2025

Lyle W. Cayce
Clerk

_____

No. 21-60743

_____

STATE OF TEXAS; GREG ABBOTT, *Governor of the State of Texas*; TEXAS COMMISSION ON ENVIRONMENTAL QUALITY; FASKEN LAND AND MINERALS, LIMITED; PERMIAN BASIN LAND AND ROYALTY OWNERS,

*Petitioners*,

*versus*

NUCLEAR REGULATORY COMMISSION; UNITED STATES OF AMERICA,

*Respondents*.

_____

Petition for Review of an Order of the Nuclear Regulatory Commission
Agency No. 72-1050

_____

ON REMAND FROM

THE SUPREME COURT OF THE UNITED STATES

Before JONES, HO, and WILSON, *Circuit Judges*.

PER CURIAM:

Texas state officials concluded that a proposed renewable Nuclear Regulatory Commission (NRC) license allowing a private entity to store nuclear waste in the Permian Basin would not only violate federal law, but

No. 21-60743

also wreak environmental havoc in West Texas and endanger the nation's energy security. Governor Greg Abbott warned that an accident or act of terrorism could affect the entire country's energy supply. *See, e.g.*, *NRC v. Texas*, 145 S. Ct. 1762, 1783 (2025) (Gorsuch, J., dissenting). A number of officials and private parties also expressed concerns about environmental contamination and harm to endangered species. *See*, *e.g.*, *id.* at 1771 (majority opinion); *id.* at 1783 (Gorsuch, J., dissenting). So the State of Texas challenged the NRC's issuance of the license.

Our court faithfully applied circuit precedent allowing states to bring suits under the Hobbs Act when an agency acts *ultra vires*. *See Texas v. NRC*, 78 F.4th 827, 839 (5th Cir. 2023) (citing *American Trucking Ass'n, Inc. v. ICC*, 673 F.2d 82, 85 n.4 (5th Cir. 1982)). *See also Texas v. NRC*, 95 F.4th 935, 944 (5th Cir. 2024) (Higginson, J., dissenting from denial of rehearing en banc) (acknowledging "our court's *ultra vires* exception" and urging rehearing en banc to reconsider that exception).

The Supreme Court reversed our judgment. It held that *ultra vires* review is unavailable if a "statutory review scheme provides aggrieved persons with a meaningful and adequate opportunity for judicial review" or where an "alternative path to judicial review" exists. *NRC*, 145 S. Ct. at 1776 (citation omitted). The Court concluded that we lack jurisdiction to consider the petition for review in this case.

Accordingly, we dismiss the petition for review, as required by the Supreme Court.